IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BILLY JOE GILSON                                                    PLAINTIFF

v.                                                    CAUSE NO. 1:11CV325 LG-JMR

ARGONAUT-MIDWEST INSURANCE
COMPANY; INTERNATIONAL
REHABILITATION ASSOCIATES, INC.,
d/b/a INTRACORP; NADINE GLAZIER;
and SNIDER MANAGEMENT                                             DEFENDANTS

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [12] filed by Plaintiff Billy

Joe Gilson.  The Defendants have responded, and Gilson has replied.  After due

consideration of the submissions and the relevant law, it is the Court's opinion that

a non-diverse defendant was improperly joined.  Accordingly, jurisdiction in federal

district court exists, and the Motion to Remand must be denied.

FACTS AND PROCEDURAL HISTORY

According to the allegations of his Complaint, Plaintiff Gilson fell while

exiting from a truck and was injured during his employment as a truck driver for

Defendant Snider Management, LLC.  Snider provided workers compensation

coverage to its employees through Defendant Argonaut-Midwest Insurance

Company.  Argonaut contracted with Defendant International Rehabilitation

Associates ("Intracorp") to provide case management services for workers'

compensation claims.  Defendant Nadine Glazier, a registered nurse, is an

Intracorp Medical Case Manager.

After his fall, Gilson was examined by an Orthopedic Surgeon, Dr. Charles Winters.  Dr. Winters recommended an MRI, which was approved by Intracorp and performed on August 22, 2008.  Gilson was scheduled for a follow-up appointment to review the MRI results on September 9, but Glazier cancelled that appointment because Gilson's workers' compensation claim was being denied.

Gilson sought additional medical treatment for his leg and back pain.  Dr. McCloskey examined him and concluded that Gilson's pain was the result of his work-related accident.  He performed surgery on Gilson's back on August 25, 2009.  After Gilson had reached maximal medical improvement, Dr. McCloskey continued to believe that Gilson's pain and physical impairment was a direct result of the accident.

In February 2010, Gilson was seen by Dr. Admunson, who also had the opinion that there was a causal relationship between the accident and Gilson's pain.  Dr. Admunson thought the surgery performed by Dr. McCloskey was appropriate.

Meanwhile, the Defendants continued to deny workers' compensation benefits.  After a Workers' Compensation Commission hearing in August 2010, Gilson was found entitled to two periods of temporary total disability benefits and one period of temporary partial disability benefits.  Gilson alleges that the Defendants have "at all times failed and refused to pay any disability benefits, for medical care rendered to Mr. Gilson, and other benefits due under Mississippi's workers' compensation laws."  (Compl. 8 ( ¶ 30), ECF No. 1-2).

Gilson filed claims of gross negligence, breach of contract, bad faith refusal to

pay, breach of fiduciary duty, and intentional infliction of emotional distress against the Defendants in the Harrison County, Mississippi Circuit Court.  Intracorp timely removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Glazier, Argonaut, and Snider joined in the removal.  (Notice of Removal Ex. C, D & E, ECF No. 1-2 p. 88-90).

Gilson is a citizen of Mississippi; Intracorp is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; Argonaut-Midwest Insurance Company is an Illinois corporation with its principal place of business in Chicago, Illinois; Snider Management, LLC is a Missouri limited liability company whose sole member is a resident of Missouri; and Nadine Glazier is a citizen of Mississippi.

As grounds for removal, Intracorp asserted: (1) there is complete diversity of citizenship between Gilson and Defendants Intracorp, Argonaut and Snider; (2) that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000; and (3) that Glazier, who is a non-diverse defendant, was improperly joined and her citizenship should therefore be disregarded for jurisdictional purposes.

Gilson subsequently filed this Motion for Remand, asserting that Glazier was not fraudulently joined and requesting that this case be remanded to State court. The Defendants argue that Gilson has failed to show any reasonable possibility of recovery against Glazier under Mississippi law.

DISCUSSION

**The Legal Standard**

A party alleging improper joinder must show by clear and convincing evidence either that there is no possibility that the plaintiff could establish a cause of action against the non-diverse defendant, or that the jurisdictional allegations in the plaintiff's pleadings are fraudulent. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1999); *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). In evaluating improper joinder claims, the Court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Dodson*, 951 F.2d at 42. The Court is then to determine whether that party has any possibility of recovery against the party whose joinder is questioned. *Id.*, cited in *Burden*, 60 F.3d at 216. The Court is permitted to consider evidence outside the pleadings, such as affidavits, deposition transcripts, and other documentation in making this determination. *Burden*, 60 F.3d at 217. However, a plaintiff can defeat a defendant's improper joinder argument "*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, conclusory or generic

allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. *Badon*, 224 F.3d at 392-93.

**Glazier's Joinder**

The Defendants here contend that there is no reasonable basis upon which Gilson can recover against Glazier in state court, because Glazier had nothing to do with the workers' compensation benefit decisions made in Gilson's case. Gilson argues that a cognizable cause of action does exist, because several courts have found that agents could possibly be liable for their gross negligence and bad faith in handling a plaintiff's claim.

Gilson cites *Gould v. Liberty Mutual Group,* No. 1:06CV161-D-D, 2007 WL 162283 (N.D. Miss. Jan. 17, 2007) in support of his argument. In that case, the court found first that in Mississippi, an agent of a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment. *Id.* at * 3 (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000)). Next, the court found that the plaintiff had made specific allegations demonstrating that the agent might have "engaged in conduct that would support a finding of civil conspiracy and bad faith." *Gould*, at *3. The agent was an insurance adjuster who had executed an affidavit allegedly showing his connection to, and active participation in, the failure to pay workers' compensation benefits, while within the scope of his employment.

In this case, Gilson has made the following factual allegations against Glazier: she attended Gilson's August 12, 2008 appointment with Dr. Winters; she

contacted Dr. Winters' office to cancel the follow-up appointment, stating that Mr.

Gilson's workers' compensation claim was being denied; and she sent a letter to Dr.

Winters on Intracorp letterhead stating that Gilson's workers' compensation claim

file was being closed, since his claim had been denied. (Compl. 3-4 (¶ 13-15), ECF

No. 1-2). Gilson claims that Glazier was grossly negligent because she failed to

promptly and thoroughly investigate a covered claim, failed to authorize payment of

his medical bills, unreasonably terminated his claim, and maintained an

unreasonable position of claim denial despite all credible evidence to the contrary.

(*Id.* at 9 (¶ 35)).

Intracorp contends that Gilson's allegations that Glazier was involved in

adjusting and handling his claim are not true. In support, Intracorp has provided

Glazier's affidavit concerning her role in Gilson's case. (Def. Resp. in Opp. Ex. 1,

ECF No. 14-1). Glazier states that her sole duties were to coordinate medical

benefits and assist in Gilson's return to work. (*Id.* at 2 (¶ 7)). Glazier was not the

adjuster and had no authority to make coverage or benefit determinations. (*Id.* at 3

(¶ 9)). She had no input with regard to claims handling or payment activities. (*Id.*)

She merely followed the directives of the adjuster at Argonaut-Midwest Insurance

Company in informing Glazier that his treatment would no longer be paid and his

claim denied. (*Id.* at 2 (¶ 7)).

The facts established by Glazier's affidavit are uncontroverted by Gilson.

Accordingly, it appears to the Court that there is no possibility that Gilson will be

able to state a gross negligence claim against Glazier. She has been improperly

joined because the facts of the case do not show any tortious conduct on her part. Her citizenship should be disregarded for purposes of determining jurisdiction, and as there is complete diversity between the remaining parties, federal jurisdiction exists.  The Motion to Remand will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [12] filed by Plaintiff Billy Joe Gilson is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to L.U. Civ. R. 16 (b)(1)(B), the parties shall notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on September 22, 2011.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE